IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-201 |
| v. | § | (C.A. No. C-11-243) |
| | § | |
| JULIO GARZA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING
<u>CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Julio Garza's (Garza) motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. D.E. 127.[1] The government filed a combined response and motion to dismiss. D.E. 132. Garza did not file a reply. For the reasons set forth herein, the Court denies Garza's § 2255 motion. The Court also denies him a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case.

1

## II. BACKGROUND

Garza was arrested on February 19, 2009, at the Falfurrias, Texas Border Check Point after Border Patrol Agents discovered ten bundles of cocaine hidden in the dashboard of the Jeep Cherokee he was driving. D.E. 1. The gross weight of the cocaine was 11.8 kilograms. Id. Initially, Garza denied knowledge of the drugs hidden in the vehicle and explained that he purchased the Jeep two weeks before. Upon being questioned a second time, after again being advised of his Miranda rights, Garza gave a statement that he was to be paid $5000 to drive the drugs from Edinburg, Texas to Galveston, Texas. Id.

Garza made his initial appearance in federal court the day after his arrest and requested appointment of counsel. D.E. 2. Counsel was appointed that day. D.E. 4.

A month after his arrest, Garza was charged in a single count indictment with possession with intent to distribute more than 5 kilograms of cocaine, approximately 10 kilograms, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). D.E. 8. He was arraigned several days later. Minute Entry, March 25, 2009.

On April 27, 2009, Garza entered into a plea agreement with the government and was called for rearraignment. Minute Entry April 27, 2009; D.E. 18, 82. During rearraignment, although Garza agreed with the factual recitation of the offense by the government, he also

claimed not to know there were drugs in the car he was driving.[2] He claimed he did not remember some of the events due to his drug and alcohol usage on the day of his arrest.

---

[2] Garza's testimony was,

```
4 THE COURT: Was there cocaine in the vehicle you were
5 driving?
6 THE DEFENDANT: I had no knowledge of it. It was
7 found there.
8 THE COURT: Excuse me just a minute. Excuse me,
9 Mr. Iles.
10 MR. ILES: Yes, your Honor.
11 THE COURT: Was there cocaine in the vehicle you were
12 driving?
13 THE DEFENDANT: Yes.
14 THE COURT: Where did you get the vehicle?
15 THE DEFENDANT: I was under the influence of drugs.
16 So I don't remember.
17 THE COURT: What -- excuse me. You were under the
18 influence of drugs and you don't remember?
19 THE DEFENDANT: Yeah.
20 THE COURT: Okay.
21 THE DEFENDANT: Drugs and alcohol.
22 THE COURT: Excuse me. Just let -- just answer a few
23 questions. Do you know where you got the vehicle?
24 THE DEFENDANT: No.
25 THE COURT: Do you know why you were in the vehicle?
1 THE DEFENDANT: I don't remember.
2 THE COURT: You don't remember now?
3 THE DEFENDANT: I -- those -- I had --
4 THE COURT: Sir, I can't hear you. You'll have to
5 speak up.
6 THE DEFENDANT: I was taking some pills. They made
7 me lose my memory. I don't remember many things.
8 THE COURT: You don't remember anything?
9 THE DEFENDANT: Many things.
```

D.E. 82 at 17-18.

This Court rejected Garza's guilty plea[3] and set the case for trial. Before trial, counsel for Garza filed motions to have his client examined to determine the nature of any defense he might have based upon his alleged blackout. D.E. 16, 19, 22, 23, Minute Entry May 7, 2009, May 28, 2009.

The government filed an Information of Prior Convictions for purposes of enhancing Garza's sentence pursuant to 21 U.S.C. § 851 on May 13, 2009. D.E. 21. The Information alleged that Garza had twice before been convicted of drug trafficking crimes such that he was now subject to a statutory minimum sentence of Life imprisonment upon conviction on the current indictment.

At trial Garza asserted a defense based upon his alleged blackouts resulting from his ingestion of prescription medication and alcohol. He supported his defense with the testimony of his family and friends, but did not call an expert to testify. D.E. 86 at 127-167. The jury convicted Garza on the sole count of the indictment. D.E. 61.

After trial, the Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 62. Using the 2008 Guidelines Manual, the Probation Department calculated Garza's base offense level to be 32 based upon the quantity of drugs

---

[3] The Court advised Garza and counsel,
14 THE COURT: Counsel, I can't accept your client's
15 plea of guilty.
16 MR. ILES: Yes, your Honor.
17 THE COURT: He says he doesn't remember anything. He
18 says he didn't know the drugs were there.
Id. at 18.

seized. D.E. 65 at ¶ 12. Garza did not receive credit for acceptance of responsibility. Id. at ¶ 18.

Garza had 3 criminal history points for a criminal history Category of II. D.E. 65 at ¶¶ 23-27. Because of the enhancement, Garza's sentencing range was life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Id. at ¶ 49. Without the enhancement, his sentencing range would have been 135-168 months. Id. at ¶ 50.

Garza's counsel filed objections to the PSR in which he objected to inclusion of the results of his psychiatric evaluations and an amended and supplemental objection to application of the enhancement for life imprisonment. D.E. 63, 70. Garza also denied one of the two enhancements claimed by the government and filed additional objections to the enhancement. D.E. 99, 100.

Sentencing was held in May 2010. D.E. 105. The government elected not to put on evidence of Garza's state court conviction and the Court sentenced Garza to the statutory minimum of 20 years (based upon the enhancement by one previous drug trafficking offense), 10 years supervised release, no fine, and a $100 special assessment. Id. Judgment was entered on the docket on May 17, 2010. D.E. 106.

Garza filed a timely notice of appeal. D.E. 108. The Fifth Circuit subsequently dismissed the appeal at his request, effective August 9, 2010. D.E. 125. Garza filed his timely motion to vacate pursuant to 28 U.S.C. § 2255. D.E. 126, 127.

## III. MOVANT'S CLAIMS

Garza asserts the following claims, 1) "the trial court should have accepted his original plea," and 2) "Petitioner's counsel was remiss in not pursuing a guilty plea in this case, in spite of the earlier failure to have the plea accepted." D.E. 127 at 5, 6.

The government responds that Garza's first claim is without merit and his second is conclusory. D.E. 132.

## IV. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard

applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

B.   **Claim That this Court Should Have Accepted Garza's Guilty Plea**

Garza's claim that this Court should have accepted his guilty plea was not raised in this Court previously, nor was it addressed on appeal. The claim is procedurally barred and Garza has not established cause for his failure to raise the issue previously. See Pierce, 959 F.2d at 1301.

C.   **Ineffective Assistance of Counsel**

1.   *Standard for claims of ineffective assistance*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment.

7

Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[4]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *Counsel's failure to reurge Garza's guilty plea*

Garza claims counsel should have reurged his guilty plea. Garza claims he was prejudiced by counsel's failure to do so because he was sentenced pursuant to the statutory minimum sentence based upon the enhancement for a previous drug trafficking offense. D.E. 127 at 6.

At Garza's attempted rearraignment, the enhancement had not yet been filed and his sentencing exposure would have been less than 20 years based upon drug quantity and his criminal record. See D.E. 65 at ¶¶ 12, 27, 50. During the attempted rearraignment, the government advised the Court that it would be filing its notice for a statutory enhancement. D.E. 82 at 22. The government filed the notice in May 2009, approximately two weeks later. Once the enhancement was filed, Garza cannot show prejudice from the failure to reurge his

---

[4] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

8

guilty plea because he was sentenced to the statutory minimum sentence required for persons with one prior drug trafficking offense. Because he cannot show prejudice, his claim of ineffective assistance fails. Carter, 131 F.3d at 463 ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Garza is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Garza's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 127) is DENIED. He is also denied a Certificate of Appealability.

Ordered this 12th day of March 2012.

*/s/ Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE